IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Hutchins, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:25-cv-7324-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Warden S. Napier, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon Petitioner Robert Hutchins, Jr.'s ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 29, 2025, Respondent filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 19.) In accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

After considering the parties' arguments and reviewing the evidence of record in light of the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on June 4, 2026, recommending that the Court grant Respondent's motion for summary judgment. (ECF No. 27.) To summarize, the Magistrate Judge found that Petitioner's claim regarding Incident Report Number 3982785 should be dismissed as moot because Petitioner's lost good time credit has been restored and this incident report was expunged. (*Id.* at 8.) As to Petitioner's claim regarding Incident Report Number 3986222, the Magistrate Judge found that Petitioner was afforded all of the required procedural due process protections, and that the Disciplinary Hearing Officer's decision was supported by some evidence such that it was not arbitrary. (*Id.* at 11-12.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record and the findings of the Magistrate Judge for clear error.  After review, the Court finds no clear error and fully agrees with the Magistrate Judge's careful analysis. Accordingly, the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 27), and for the reasons set forth in the Report, the Court **grants** Respondent's motion for summary judgment (ECF No. 19).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 25, 2026
Charleston, South Carolina